IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MARINER HEALTH CARE, INC., MARINER HEALTH CARE MANAGEMENT COMPANY, and NATIONAL HERITAGE REALTY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TONY SHERROD, ERNEST SHERROD, LINDA PARHAM, ODESSA ROBINSON, YVONNE KING, ROY SHERROD, Individually, and as heirs and on behalf of the ESTATE OF VONCIL SHERROD, and MARKS BALETTE & GIESSEL, PC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br>No. 09-2613 |

**ORDER**

Before the Court is the August 4, 2010 Motion to Require Plaintiffs to Deposit Bond in an Amount Sufficient to Cover Statutory Post-Judgment Interest ("Defendants' Motion") filed by Defendants Tony Sherrod, Ernest Sherrod, Linda Parham, Odessa Robinson, Yvonne King, Roy Sherrod, individually, and as heirs and on behalf of the estate of Voncil Sherrod, and Marks Balette & Giessel, P.C. (collectively, "Defendants"). (Defs.' Mot. to Require Pls. to Deposit Bond in an Amount Sufficient to Cover Statutory Post-Judgment Interest, ECF No. 66.) ("Defs.' Mot.")

Plaintiffs Mariner Health Care, Inc., Mariner Health Care Management Company, and National Heritage Realty, Inc. (collectively, "Plaintiffs") responded in opposition on August 18, 2010. (Pls.' Resp. to Defs.' Mot. to Require Pls. to Deposit Bond in an Amount Sufficient to Cover Statutory Post-Judgment Interest, ECF No. 67.) ("Pls.' Resp.")

Also before the Court is the Plaintiffs' January 27, 2011 Motion to Substitute the Funds Deposited into the Registry of the Court with a Supersedeas Bond ("Plaintiffs' Motion"). (Mot. to Substitute the Funds Deposited into the Registry of the Court with a Supersedeas Bond, ECF No. 68.) ("Pls.' Mot.") Defendants responded in opposition on January 28, 2011. (Defs.' Objection and Resp. to Mot. to Substitute the Funds Deposited into the Registry of the Court with a Supersedeas Bond, ECF No. 69.) ("Defs.' Resp.") Plaintiffs replied on February 2, 2011. (Reply to Defendants/Counter-Plaintiffs' Resp. to Plaintiffs/Counter-Defendants' Mot. to Substitute the Funds Deposited into the Registry of the Court with a Supersedeas Bond, ECF No. 72.) ("Pls.' Reply") Plaintiffs have requested a hearing on their motion. (Request for Hearing on Mot. to Substitute Funds, ECF No. 74.)

For the following reasons, Defendants' Motion is DENIED, Plaintiffs' Motion is DENIED, and Plaintiffs' request for a hearing is DENIED.

**I.   Background**

On July 8, 2010, the Court confirmed an arbitration award. (Order Granting Def. Marks Balette & Giessel's Mot. to Dismiss and Granting Defs.' Mot. for Summ. J. 23, ECF No. 54.) Plaintiffs filed a notice of appeal and moved for a stay of execution without bond or, in the alternative, approval of a supersedeas bond in the amount of $50,000. (Mot. for Stay of Execution Without Bond or, in the Alternative, Approval of Supersedeas Bond, ECF No. 57.) The Court denied Plaintiffs' motion on July 16, 2010. (Order Denying Pls.' Mot. for Stay of Execution Without Bond or, in the Alternative, Approval of Supersedeas Bond, ECF No. 62.)

Plaintiffs moved to stay execution of judgment pending their appeal on the assignment of a certificate of deposit in the amount awarded by the arbitrators or, alternatively, the deposit of the same amount of funds into the registry of the Court. (Mot. for Stay of Execution on J. with Assignment of Certificate of Deposit, or in the Alternative, Depositing Funds into the Registry of Court in Lieu of Supersedeas Bond, ECF No. 64.) On July 28, 2010, the Court granted Plaintiffs' second motion and stayed execution on the judgment and order granting Defendants' motion to dismiss and motion for summary judgment pending appeal "conditioned on Plaintiffs' purchase of a certificate of deposit from a federally insured bank in the

amount of $2,776,396.32. The certificate of deposit shall be assigned to and filed with the clerk of court and released on court order." (Order 2, ECF No. 65.) According to the docket, Plaintiffs have complied with that condition.

On August 4, 2010, Defendants filed a motion requesting the Court to require Plaintiffs to file a separate bond sufficient to cover statutory post-judgment interest of 10% per annum to which Defendants are allegedly entitled under Tennessee law from the date judgment was entered. (See Defs.' Mot. 1-3.) In response, Plaintiffs state that they transferred funds into the treasury account of the Court on August 5, 2010, and the court clerk purchased a certificate of deposit in the amount the Court ordered. (See Pls.' Resp. 3, 8.) The certificate of deposit carries an interest rate of 2.970% per year and is payable on order of the Court. (See id.) Plaintiffs assert that, under the Court's July 28, 2010 order, the certificate of deposit is sufficient to satisfy the purpose of a supersedeas bond. (See id. at 1-5.)

On January 27, 2011, Plaintiffs filed a motion seeking to substitute the funds used to purchase the certificate of deposit with a supersedeas bond that the National Union Fire Insurance Company has agreed to post on Plaintiffs' behalf. (See Pls.' Mot. 1-2.) Plaintiffs attached a copy of the proposed

4

supersedeas bond to the motion. (<u>See</u> Appeal Bond, ECF No. 68-1.) The proposed supersedeas bond states:

> **BECAUSE IN THIS CAUSE** pending in the United States District Court for the Western District of Tennessee, a final judgment was entered in favor of Tony Sherrod, Ernest Sherrod, Linda Parham, Odessa Robinson, Yvonne King, Roy Sherrod, Individually, and as Heirs and on behalf of the Estate of Voncil Sherrod (hereinafter "Sherrods"), against Mariner Health Care, Inc., Mariner Healthcare Management Company, and National Heritage Realty, Inc. (hereinafter "Mariner"), on July 6, 2010, and Mariner desires to prosecute an appeal to the Sixth Circuit Court of Appeals with supersedeas pursuant to F. R. Civ. P. 62 and F. R. App. P. 7 and 8.

> **KNOW ALL BY THIS BOND** that National Union Fire Insurance Company of Pittsburgh, PA is held and firmly bound unto the [Defendants] in the penal sum of Two Million Seven Hundred Seventy-Six Thousand Three Hundred Ninety-Six and 32/100 Dollars ($2,776,396.32) together with costs, interest, penalties, and damages for which payment to be made, we bind ourselves, our successors and assigns, jointly and severally.

> **THE CONDITION OF THE FOREGOING OBLIGATION** is that, if [Plaintiffs] shall prosecute this appeal with effect in the Sixth Circuit Court of Appeals and shall satisfy the judgment complained of in full, together with costs, interest, penalties, and damages, if for any reason the appeal is dismissed or if the judgment is affirmed, or shall satisfy in full such modification of the judgment and such costs, interest and damages as the Sixth Circuit Court of Appeals may adjudge against Mariner, then this obligation will be void; otherwise, it will remain in full force and effect.

> **PROVIDED, HOWEVER,** that the aggregate liability of the Surety hereunder for any and all claims presented shall not exceed the penal sum of this bond.

(<u>Id.</u> at 1-2.)

Defendants object to the proposed supersedeas bond. (See Defs.' Resp. 1-5.) They argue that it is unacceptable because it expressly limits the surety's liability to "the penal sum" of the bond, which the bond lists as $2,776,396.32. (See id. at 3.) The most the National Union Fire Insurance Company would have to pay in satisfaction of the judgment against Plaintiffs is $2,776,396.32. (See id.) Defendants maintain that amount is insufficient to cover the principal of the judgment and the statutory post-judgment interest of 10% per annum to which they are entitled and which began to accrue on July 16, 2010, the date judgment was entered. (See id. at 3-4.) Defendants also assert that allowing Plaintiffs to file the proposed supersedeas bond would allow Plaintiffs to claim the interest already generated from the certificate of deposit unjustly instead of crediting that interest against the judgment. (See id. at 4.) Alternatively, Defendants state that they would agree to substitute a supersedeas bond for the certificate of deposit if the Court required a supersedeas bond in the amount of $3,054,035.95, the amount of the principal judgment plus statutory interest for one year, and required Plaintiffs to post an additional supersedeas bond sufficient to cover statutory interest for another year ($277,639.63) should Plaintiffs continue to contest the confirmation of the arbitration award

beyond the issuance of the Sixth Circuit Court of Appeals' opinion. (See id. at 5.)

Plaintiffs reply that the proposed supersedeas bond is not ambiguous and "specifically defines the penal sum as the amount of the judgment, together with interest, costs, and penalties." (Pls.' Reply 2.) According to Plaintiffs, it will provide Defendants "with more than adequate assurance that the judgment will be paid, together with costs, interest, and penalties" if the Sixth Circuit denies Plaintiffs' requested relief. (Id. at 5.)

To date, the Sixth Circuit does not appear to have decided the appeal. According to the list of pending cases posted on the Sixth Circuit's website, the appeal is awaiting submission to a panel. Pending Cases – Western District of Tennessee, http://www.ca6.uscourts.gov/case_reports/rptPendingDistrict_TNW.pdf (last visited June 10, 2011).

## II. Analysis

### A. Defendants' Motion

Defendants' Motion to require Plaintiffs to file a separate bond sufficient to cover statutory post-judgment interest at a rate of 10% per annum under Tennessee law is not well-taken. "In diversity cases in this Circuit, federal law controls postjudgment interest but state law governs awards of prejudgment interest." Estate of Riddle ex rel. Riddle v. S.

Farm Bureau Life Ins. Co., 421 F.3d 400, 409 (6th Cir. 2005) (quoting F.D.I.C. v. First Heights Bank, FSB, 229 F.3d 528, 542 (6th Cir. 2000)); accord Jack Henry & Assocs., Inc. v. BSC, Inc., 753 F. Supp. 2d 665, 667 (E.D. Ky. 2010); see also All Points Capital Corp. v. Vallimont, No. 09-12913, 2010 WL 456780, at *3 (E.D. Mich. Feb. 4, 2010) ("Post-judgment interest . . . must be determined pursuant to federal law.") (citation omitted).

Section 1961 "sets the rate for postjudgment interest in federal court." Jack Henry & Assocs., 753 F. Supp. 2d at 667 (citing Scotts Co. v. Cent. Garden & Pet Co., 403 F.3d 781, 792 (6th Cir. 2005)). Title 28 U.S.C. § 1961(a) provides a formula to calculate federal post-judgment interest:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding. [sic] the date of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges.

28 U.S.C. § 1961(a); see also Estate of Riddle ex rel. Riddle, 421 F.3d at 409; Jack Henry & Assocs., 753 F. Supp. 2d at 667. "Post-judgment interest on all judgments entered in federal

courts is determined in accordance with 28 U.S.C. § 1961, even if the case was originally filed in state court and even if jurisdiction is based on diversity." Chouinard v. Kindercare Learning Ctrs., Inc., No. 1-04-0081, 2008 WL 913322, at *3 (M.D. Tenn. Mar. 31, 2008).

Since the Court issued the judgment on July 16, 2010 (J., ECF No. 61), the federal post-judgment interest rate has not exceeded 0.30%. See Post-Judgment Interest Rate 2010, http://www.utd.uscourts.gov/documents/int2010.html (last visited June 10, 2011); Post-Judgment Interest Rate 2011, http://www.utd.uscourts.gov/documents/int2011.html (last visited June 10, 2011).

Here, the Court exercised jurisdiction under 28 U.S.C. § 1332. (See Order Granting Def. Marks Balette & Giessel's Mot. to Dismiss and Granting Defs.' Mot. for Summ. J. 5-6.) Because the Court exercised diversity jurisdiction, federal law, not Tennessee law, governs any post-judgment interest to which Defendants are entitled. See Estate of Riddle ex rel. Riddle, 421 F.3d at 409; (Defs.' Mot. 2). Although "a valid contract may supplant the § 1961 postjudgment interest rate with a different rate," Jack Henry & Assocs., 753 F. Supp. 2d at 668, Defendants have not offered any evidence that the parties contracted to set a different rate. Without any evidence of such an agreement, the Court must award post-judgment interest

at the rate set by the formula in 28 U.S.C. § 1961. See 28 U.S.C. § 1961; Estate of Riddle ex rel. Riddle, 421 F.3d at 409; Jack Henry & Assocs., 753 F. Supp. 2d at 667.

The certificate of deposit that Plaintiffs' funds have been used to purchase carries an interest rate of 2.970% per year, a rate that exceeds the federal post-judgment interest rate. (See Pls.' Resp. 3, 8.) Because the current interest earned on the certificate of deposit exceeds the interest accruing under § 1961, Defendants have adequate security that, if they prevail on appeal, they will recover an amount sufficient to cover interest accruing at the federal post-judgment interest rate. On the present record, Defendants have shown no basis for the Court to require Plaintiffs to file a separate supersedeas bond to cover post-judgment interest. Therefore, Defendants' Motion is DENIED.

### B. Plaintiffs' Motion

Plaintiffs' Motion to substitute the funds used to purchase the certificate of deposit with a proposed supersedeas bond issued by the National Union Fire Insurance Company is not well-taken because the proposed bond is ambiguous and susceptible of different reasonable interpretations. According to Defendants, the proposed bond is unacceptable because it expressly limits the surety's liability to "the penal sum" of the bond, which the supersedeas bond lists as $2,776,396.32. (See Defs.' Resp. 1-

10

4.)  If so, the surety would not be liable for post-judgment interest above that amount.  (See id.)  According to Plaintiffs, the proposed bond does not limit the surety's liability to $2,776,396.32 because it "specifically defines the penal sum as the amount of the judgment, together with interest, costs, and penalties." (Pls.' Reply 2.)

Federal Rule of Civil Procedure 62(d) "entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right."  Titan Tire Corp. of Bryan v. United Steel Workers of Am., No. 09-4460, 2010 WL 815557, at *1 (6th Cir. Mar. 10, 2010) (quoting Arban v. W. Publ'g Corp., 345 F.3d 390, 409 (6th Cir. 2003)); accord Progressive Foods, LLC v. Dunkin' Donuts Inc., No. 1:07 CV 3424, 2011 WL 1601335, at *2 (N.D. Ohio Apr. 27, 2011).  As the Court of Appeals has explained, a supersedeas bond has a specific purpose:

> The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal.  A judgment debtor who wishes to appeal may use the bond to avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal.  At the same time, the bond secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal.

Hall v. Consol. Freightways Corp. of Del., 142 F. App'x 875, 879 (6th Cir. 2005) (quoting Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190-91 (5th Cir.

1979)); see also Olcott v. Del. Flood Co., 76 F.3d 1538, 1559
(10th Cir. 1996); DiPonio Constr. Co. v. Int'l Union of
Bricklayers & Allied Craftworkers-Local 9, No. 10-10607, 2011 WL
1827890, at *2 (E.D. Mich. May 10, 2011).

"[T]he amount of the bond usually will be set in an amount
that will permit satisfaction of the judgment in full, together
with costs, interest, and damages for delay . . . ." United
States ex rel. Lefan v. Gen. Electric Co., 397 F. App'x 144, 151
(6th Cir. 2010) (quoting 11 Charles Alan Wright, Arthur R.
Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and
Procedure § 2905 (4th ed. 2008)); accord O'Callaghan v. SPX
Corp., No. 2:09-cv-10196, 2010 WL 299497, at *2 (E.D. Mich. Jan.
20, 2010) ("Generally, courts require that the supersedeas bond
include the judgment, pre and post judgment interest,
anticipated appellate costs, and damages for delay caused by the
appeal.") (citation omitted); Norton v. Canadian Am. Tank Lines,
No. 06-411-C, 2009 WL 3172105, at *1 (W.D. Ky. Sept. 29, 2009)
("Courts generally require that the amount of the [supersedeas]
bond include the full amount owed under the award, post-judgment
interest, attorney's fees and costs." (quoting Verhoff v. Time
Warner Cable, Inc., No. 3:05CV7277, 2007 WL 4303743, at *3 (N.D.
Ohio Dec. 10, 2007))).

Because "[t]here are no applicable federal standards
governing the construction of supersedeas bonds," courts must

"look to state law bond provisions and construction for guidance." Hall, 142 F. App'x at 878 (quoting United States ex rel. Miss. Road Supply Co. v. H.R. Morgan, Inc., 542 F.2d 262, 267 (5th Cir. 1976)).

Here, Plaintiffs are entitled to file a satisfactory supersedeas bond to stay the money judgment against them. See Titan Tire Corp. of Bryan, 2010 WL 815557, at *1; Progressive Foods, 2011 WL 1601335, at *2. A satisfactory bond would include post-judgment interest. See United States ex rel. Lefan, 397 F. App'x at 151; O'Callaghan, 2010 WL 299497, at *2; Norton, 2009 WL 3172105, at *1.

As a threshold matter, it is unclear what state's law to use in construing the proposed supersedeas bond. Plaintiffs and Defendants have not argued that any particular state's law governs the construction of the bond. (See Pls.' Mot.; Defs.' Resp.; Pls.' Reply.) The supersedeas bond appears to have been executed in Texas by a National Union Fire Insurance Company agent pursuant to a power of attorney executed in New York to purport to satisfy a judgment entered by this Court in Tennessee. (Power of Attorney, ECF No. 68-1; Surety Acknowledgement, ECF No. 68-1.) It does not contain a choice of law provision.

Regardless of whether Texas, New York, Tennessee, or another state's law applies, the proposed supersedeas bond is

13

ambiguous.  It does not clearly obligate the National Union Fire Insurance Company to cover post-judgment interest or any amount beyond $2,776,396.32.  The proposed bond states that the National Union Fire Insurance Company is liable to Defendants "in the penal sum of Two Million Seven Hundred Seventy-Six Thousand Three Hundred Ninety-Six and 32/100 Dollars ($2,776,396.32) together with costs, interest, penalties, and damages for which payment to be made . . . ."  (Appeal Bond 2.) Two paragraphs later, it provides that "the aggregate liability of the Surety hereunder for any and all claims presented shall not exceed the penal sum of this bond."  (Id.)

        Plaintiffs and Defendants have offered reasonable interpretations about whether the "penal sum" the National Union Fire Insurance Company agrees to pay covers post-judgment interest beyond $2,776,396.32.  Defendants' interpretation that the proposed bond does not cover post-judgment interest because it identifies interest as an amount beyond the penal sum appears to be the more natural reading.  (See id. (providing that the National Union Fire Insurance Company is liable to Defendants "in the penal sum of Two Million Seven Hundred Seventy-Six Thousand Three Hundred Ninety-Six and 32/100 Dollars ($2,776,396.32) together with costs, interest, penalties, and damages for which payment to be made . . . .") (emphasis added).)  If that interpretation is correct, the proposed bond

14

is internally inconsistent because it later limits the liability of the National Union Fire Insurance Company to the penal sum, rendering the language "together with costs, interest, penalties, and damages for which payment to be made" without legal effect.  (See id.)  If Plaintiffs' interpretation that the penal sum includes post-judgment interest is correct, the phrase "together with" would have to be disregarded.  (See id.)

Because the proposed supersedeas bond contains ambiguous language and does not clearly make the National Union Fire Insurance Company responsible for post-judgment interest, the Court cannot accept it in its present form.  The purpose of supersedeas bonds reinforces this conclusion.  Plaintiffs are allowed to post a supersedeas bond to secure Defendants against any loss sustained by foregoing execution on the Court's judgment.  See Hall, 142 F. App'x at 879.  The proposed supersedeas bond does not provide that security.  It provides uncertainty and the potential for future litigation about the meaning of "penal sum."  Therefore, Plaintiffs' Motion is DENIED.

Plaintiffs' request for a hearing is DENIED.  Plaintiffs are DIRECTED to file a new supersedeas bond for the Court's consideration if they wish to replace the funds used to acquire the certificate of deposit with a supersedeas bond.

**III. Conclusion**

For the foregoing reasons, Defendants' Motion is DENIED, Plaintiffs' Motion is DENIED, and Plaintiffs' request for a hearing is DENIED.

So ordered this 13th day of June, 2011.

s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE